IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERT K. CRAVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-04105-CV-C-NKL |
| ) | |
| JERRY L. TOLSON, ) | |
| ) | |
| Defendant. ) | |

## **JUDGMENT AND ORDER**

On November 10, 2005, this cause came on regularly to be heard and was called. Plaintiff Robert K. Cravens appeared in person and by counsel. Defendant Jerry L. Tolson, having never answered Plaintiff's Complaint, appeared not and was in default. Cause heard.

The court being duly informed finds upon the evidence the following:

### FINDINGS OF FACT

1. Plaintiff Robert Cravens was, at all times relevant, an inmate and resident of the Algoa Correctional Center ("Algoa"), Jefferson City, MO. Plaintiff currently resides as an inmate at the Tipton Correctional Center, Tipton, MO.

2. Defendant Jerry Tolson was, at all times relevant, employed as a civilian food service cook at Algoa. In that capacity, Defendant was employed by the State of Missouri, Department of Corrections.

3. Plaintiff, from about January 2004 to about June 2004 was incarcerated in the Algoa Correctional Center, Jefferson City, MO.

4. Defendant Tolson was employed by the Department of Corrections as a food service

1

cook at Algoa, during the time Plaintiff was incarcerated at Algoa.

5.	As part of his duties, Tolson supervised the inmate line cooks that worked in Algoa's bakery. Tolson's supervisory duties allowed him to spend unmonitored time with inmates.

6.	Plaintiff began working in the bakery at Algoa in February 2004.

7.	Plaintiff was supervised in the bakery by Tolson.

8.	On three occasions, Tolson engaged in forcible oral sex with Plaintiff during Plaintiff's work hours in the bakery.

9.	Plaintiff did not consent to any of the episodes of oral sex.

10.	Tolson used physical force, threats, and coercion in order to engage in oral sex with Plaintiff.

11.	On two other occasions, Tolson forcibly placed Plaintiff's penis in his rectum. Plaintiff performed anal sex on Tolson out of fear he would be harmed if he did not.

12.	Approximately three weeks prior to Plaintiff transferring from Algoa in June 2004, Tolson forcibly placed his penis in Plaintiff's rectum and performed anal sex on Plaintiff. Plaintiff physically resisted Tolson while Tolson performed the anal sex.

13.	Following this incident, Plaintiff applied for transfer to a different facility in order to avoid further contact with Tolson and the pain and agony of rectal rape. In June 2004, Plaintiff was transferred to Farmington Correctional Center.

## CONCLUSIONS OF LAW

14.	Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 as a federal question. Supplemental jurisdiction is conferred upon the court pursuant to 28 U.S.C. §1367 for the state common law claims.

15. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the unlawful activity and misconduct of Defendant Tolson occurred in Cole County, Missouri.

16. All acts by Defendant Tolson described in this Judgment were carried out "under the color of law."

17. All acts by Defendant Tolson described in this Judgment arose out of and were performed in connection with his official duties on behalf of the state of Missouri.

18. The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishments.

19. Defendant Tolson's acts that subjected Plaintiff to sexual contact and deviate sexual intercourse with Tolson, by means of physical force, threats, and coercion, violated Plaintiff's right to be free from cruel and unusual punishments.

20. Defendant Tolson's actions in engaging in sexual contact and deviate sexual intercourse with Plaintiff constitutes tortious assault under the common law of the State of Missouri.

21. Defendant Tolson's actions in engaging in sexual contact and deviate sexual intercourse with Plaintiff constitute tortious battery under the common law of the State of Missouri.

22. As a result of Defendant Tolson's actions, Plaintiff was damaged by suffering pain and agony to his anus and rectum, humiliation, embarrassment, emotional trauma, the costs of litigation, and attorney fees.

23. Compensation to Plaintiff for Tolson's actions is warranted pursuant to §42 U.S.C. §1983, and Missouri common law.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Court enters judgment for Plaintiff Cravens and against Defendant Tolson on all

claims contained in Counts I, II, and III, of Plaintiff's Complaint.

2. The Court orders that Defendant Tolson shall pay to Plaintiff Cravens money damages as follows: $250,000.00 in actual damages.

3. Plaintiff awarded reasonable attorney fees from Defendant Tolson in the amount of $10,890.00, pursuant to 42 U.S.C. §1983.

4. Costs are assessed against Defendant Tolson in the amount of $604.00.

**IT IS SO ORDERED**

This 10th day of November, 2005

s/ Nanette K. Laughrey
**Hon. Nanette K. Laughrey**
United States District Judge

4